UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED McZEAL, JR., et al., Plaintiffs, | ) | |
| v. | ) | No. 4:25 CV 1433 RWS |
| ALABAMA HOUSING FINANCE AUTHORITY (AHFA) et al., Defendants. | ) | |

**MEMORANDUM AND ORDER**

On September 22, 2025, *pro se* Plaintiffs Alfred McZeal, Jr. ("McZeal") and Terrez Young ("Young") filed a Complaint in this Court against Defendants Alabama Housing Finance Authority ("AHFA"), The United States Department of Housing and Urban Development ("HUD"), EastPlains Corporation ("EastPlains"), Robert Banocy ("Banocy"), MIP Fund I Trust ("MIP"), Guaranteed Rate Affinity, LLC, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1-10. Plaintiffs Complaint alleges violations of various federal fraud statutes and challenges the foreclosure of certain real property ("the Property").[1] Plaintiffs case was transferred to me on May 15, 2026. On June 1, 2026, Young filed a separate action in this Court[2] ("*Young*") against Saint Louis County, Missouri, Saint Louis

[1] Real property located at 12750 Needle Point Court, Florissant, Missouri 63033.
[2] Case previously styled 4:26-cv-00858-SRC and now styled 4:26-cv-00858-RWS.

County Police Department, HUD, several police officers, and other individuals and entities.[3] In Young's Complaint, he alleges he was unlawfully arrested, detained, and prosecuted for trespass on the Property because he is its lawful owner. *See Young*, ECF. No. 1. On July 15, 2026, I granted the United States Attorney's Motion to Consolidate Young's case with the above styled action, *McZeal et al. v. Alabama Housing Finance Authority (AHFA) et al.*, 4:25-CV-01433-RWS, because there are overlapping issues and defendants. Defendants in this now consolidated action have filed several motions to dismiss.[4] Because I find that Plaintiffs' claims are patently frivolous, I will dismiss this action against all Defendants. Young's Motion for a Preliminary Injunction [63] will be denied as moot.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. In ruling on such a motion, I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). But I may not "presume the truth of legal conclusions couched as factual

[3] Defendants Officer Carolton Jackson, Officer Jake Braymiller, Officer Mykaela Arellanes, Perry Morrow, Spectrum Solutions Acquisitions, and Does 11-50.

[4] Defendants Banocy and EastPlains' Motion to Dismiss [12], AHFA's Motion to Dismiss [23], MIP's Motion to Dismiss [28], HUD's Motion and Amended Motion to Dismiss [42, 59], Officers Arellanes, Braymiller, Jackson, Saint Louis County Police Department, and Saint Louis County's Motion to Dismiss [64].

allegations." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although I also must generally ignore materials outside the pleadings, I may consider "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff pleads sufficient facts to allow me to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires a complaint to contain enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A threadbare recital of the elements of a cause of action, supported merely by conclusory allegations, is not sufficient. *Iqbal*, 556 U.S. at 678.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, pro se pleadings must still allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). A "complaint should be found to raise a claim only 'if the essence of an allegation is discernable, even though it is not pleaded with legal

nicety.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**BACKGROUND**

This case arises out of two foreclosure actions—one in 2018 ("2018 Foreclosure") and one in 2023 ("2023 Foreclosure"). In 1998, Leroy Young and Helen J. Young took out a loan from Prism Mortgage Company to purchase the Property and executed a Deed of Trust ("Young Deed of Trust"). ECF. No. 13 at 6-7, 13-1. Plaintiff Young obtained an interest in the Property via a Beneficiary Deed executed in April 2004. *Id.* at 7, 13-2. In September 2018, the Property was sold at a foreclosure sale to PennyMac Loan Services, LLC. *Id.* at 7, 13-3 ("Trustee's Deed"). The Property was then conveyed to the Secretary of Veterans Affairs, an Officer of the United States (the "VA"), in October 2018. *Id.* at 7, 13-4 ("VA Deed"). The VA conveyed the Property to STL Eagle Eye Properties, LLC in 2019. *Id.* at 7, 13-5.

In September 2019, STL Eagle Eye Properties, LLC sold the Property to Luvader Haney. *Id.* at 7-8, 13-6. Luvader Haney obtained a loan from Guaranteed Rate Affinity, LLC, to purchase the Property and executed a Deed of Trust ("Haney Deed of Trust"). *Id.* The Alabama Housing Finance Authority ("AHFA") was

assigned the Haney Deed of Trust, and AHFA sold the Property at a foreclosure sale to AHFA in 2023. *Id.* at 8, 13-7, 13-7 at 4. The EastPlains Corporation served as the successor trustee for the foreclosure of the Haney Deed of Trust. *Id.* at 8, 13-8 ("Successor's Trustee Deed").

Between June 3, 2025 and June 9, 2025, Young received two citations for trespassing on the Property, and his vehicle was seized by the Saint Louis County Police Department for being unregistered. *See* ECF. No. 65 at 2-3. Young was arrested for trespassing because the Property belonged to HUD. *Id.* at 2. The responding police officers found that Young was "in possession of a deed of trust believed to be fictitious" because "[it] lacked a proper seal and appeared potentially invalid." *Id.* at 2-3. A property search conducted by Officer Braymiller confirmed the Property was not registered to Young. *Id.* at 3. After Young's first citation for trespassing, Defendant Perry Morrow, a HUD Representative, "changed the front locks and placed a new No Trespassing sign on the front window with HUD FHA case number 292-754427." *Id.* Young returned to the Property and received his second citation. Young attached as exhibits to his Complaint the Saint Louis County Police Department's Investigative Reports which describe each incident and his alleged "Deed of Trust" for the Property. *See Young*, ECF. No. 1 at 1-3 ("Exhibits 1-8").

Plaintiffs allege they are the lawful owners of the Property. They attack the

validity of the 2018 and 2023 Foreclosures and other actions taken by Defendants regarding the Property. They allege that Defendants obtained the Property through fraudulent deeds and entered into a conspiracy to steal the Property. ECF. No. 1 at 2. Plaintiffs' claims against Defendants include negligence, racketeering, wire fraud, mail fraud, money laundering, slander of title, bank fraud, and false statements in real estate transactions. ECF. No. 1. Young's claims include false arrest and unlawful seizure of property, deprivation of property without due process, malicious prosecution, equal protection violations, *Monell* violations, false imprisonment, abuse of process, and intentional infliction of emotional distress. *Young*, ECF. No. 1. Plaintiffs also seek declaratory and injunctive relief in the form of "a judgment quieting Plaintiffs' title" and "voiding the fraudulent instruments." ECF. No. 1-1 at 15.

## DISCUSSION

All of the claims in Young's Complaint and Young and McZeal's Complaint will be dismissed with prejudice. In ruling on Defendants' motions to dismiss, I took judicial notice of the public records attached as exhibits to the pleadings.[5] *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion

[5] Public records consisting of the Young Deed of Trust, Beneficiary Deed, Trustee's Deed, VA Deed, and deed conveying the subject property from VA to STL Eagle Eye Properties, LLC, deed conveying the subject property from STL Eagle Eye Properties, LLC to Luvander Haney and the Haney Deed of Trust, Notice of Assignment of Deed of Trust, and Successor's Trustee Deed.

to dismiss."); *see* ECF. Nos. 13-1, 13-2, 13-3, 13-4, 13-5, 13-6, 13-7, 13-8.

Plaintiff McZeal is a frequent filer in federal courts across the country and has been sanctioned for repeatedly filing vexatious and frivolous lawsuits. ECF. No. 13 at 10-11. He claims to be an "advocate litigator" who can "recover property instantly on discovering fraud or abuse." *Id* at 6.[6] McZeal "purports to provide tools to those allegedly suffering from mortgage fraud or facing foreclosure to sue their adversaries pro se." *Id.* at 10 (citing *Washington Mut. Bank FA v. McZeal*, 265 F. App'x 173, 174 (5th Cir. 2008)). Notwithstanding McZeal entering the case as a "pro se plaintiff," he has come before this Court to engage in the unauthorized practice of law. "Individuals who are not licensed attorneys can appear in court and engage in the practice of law *provided that they do so for themselves and in connection with their own business.*" *Morgan v. Nat'l Bank of Kansas City*, No. 4:09CV00792-WRW, 2009 WL 3592543, at *1 (E.D. Ark. Oct. 27, 2009) (emphasis added). There is no indication that McZeal has any stake in the outcome of this litigation. Plaintiffs' Complaint only contains allegations regarding *Young's* purported claim of ownership to the Property via the 2004 Beneficiary Deed. When McZeal, as a non-lawyer, "attempts to represent the interests of [Young], the practice constitutes the unauthorized practice of law and results in a nullity." *Id. (*citing *Jones ex rel. Jones v. Correctional Medical*

---

[6] Citing McZeal's websites: https://almczeal.com/index.html and https://www.cancel-a-mortgage.com.

*Services, Inc.*, 401 F.3d 950 (8th Cir.2005)).

In their Motion to Dismiss, Banocy[7] and EastPlains detail the history of McZeal's abuse of the judicial process. *Id.* at 10-11. They point out, for example, that the Bankruptcy Court for the Middle District of Pennsylvania "recently found that McZeal violated Bankruptcy Rule 9011 and sanctioned McZeal in the amount of $75,000 and barred him from filing any new lawsuits in the district without prior approval." *Id.* at 10 (citing *In re Gibbs*, 658 B.R. 804, 806 (Bankr. M.D. Pa. 2024)). The court stated:

> McZeal has a very long history of filing vexatious and frivolous litigation which has been documented in many other cases across the country. The Motion for Sanctions sets forth a significant history of abusive and frivolous litigation by McZeal. *See* Dkt. # 20 at 4-6. McZeal's prolific filing history has landed him on several vexatious litigant lists in multiple jurisdictions, including the State of California and the United States District Court for the Southern District of Texas.

*In re Gibbs*, 658 B.R. at 806.[8] McZeal clearly continues his pattern of abusing the judicial process by filing the instant lawsuit. He has no standing to sue in this case. Article III of the Constitution requires "*that, throughout the litigation, the plaintiff*

---

[7] Defendant Robert Banocy is an attorney for the EastPlains Corporation. ECF. No. 13 at 12.

[8] The court in *Gibbs* and Defendants Banocy and EastPlains cite the following additional cases demonstrating McZeal's pattern of filing frivolous lawsuits around the country: *McZeal v. MidSouth Nat'l Bank N.A.*, 2017 WL 1484546, at *2 (W.D. La. 2017); *McZeal v. Fastmobile, Inc.*, 2006 WL 801175, at *1 (S.D. Tex. 2006), aff'd, 219 F. App'x 988 (Fed. Cir. 2007); *McZeal v. HSBC Bank USA*, 2023 WL 5748769, at *3 (C.D. Cal. 2023*); Alfred McZeal Jr., et al. v. Solon House, LLC, et al.*, 4:23-cv-00297-KAW (N.D. Cal. Jan. 20, 2023); *Alfred McZeal Jr., et al. v. Ocwen Loan Servicing, LLC, et al.*, 2:22-cv-08760-JFW-PDx (C.D. Cal. Dec. 2, 2022); *Alfred Mczeal Jr., et al. v. Wilmington Savings Fund Society, FSB, et al.*, 9:22-cv-81848-AMC (S.D. Fl. Nov. 28, 2022); *Alfred McZeal Jr., et al. v. Deutsche Bank National Trust Company, et al.*, 1:16-cv-00430-SS (W.D. Tex. Apr. 4, 2016); *Al McZeal, et al. v. JP Morgan Chase Bank, NA, et al.*, 2:11-cv-07739-PA-PJWx (C.D. Cal. Jan. 20, 2012).

*must have suffered, or be threatened with, an actual injury traceable to the defendant* and likely to be redressed by a favorable judicial decision." *Strutton v. Meade*, 668 F.3d 549, 555 (8th Cir. 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (emphasis added). McZeal lacks Article III standing and has engaged in the unauthorized practice of law. His conduct in this case renders Plaintiffs' Complaint a nullity. *See, e.g.*, *Naylor Senior Citizens Hous., LP v. Side Const. Co.*, 423 S.W.3d 238, 247 (Mo. 2014) ("[T]he Court holds now—as it has in the past—that actions constituting the unauthorized practice of law must not be recognized or given effect."). The deeds and other legal documents attached to Banocy and EastPlains' Motion to Dismiss show the Property was foreclosed upon and are further evidence of the frivolity of Plaintiffs' claims.

Additionally, Young's Complaint fails to state a claim against any of the Defendants arising out of his citations for trespassing on the Property and the seizure of his vehicle. *See Young*, ECF. No. 1. As with Young and McZeal's Complaint, Young fails to provide sufficient factual allegations to demonstrate his underlying claim of ownership to the Property. Young alleges that because Defendants obtained ownership of the Property through fraudulent means, he was unlawfully arrested for trespassing as the Property's rightful owner. The exhibits Young attached to his own Complaint demonstrate he was not maliciously

prosecuted or subject to unlawful arrest and seizure of his vehicle.[9] Nor do Young's allegations contain enough factual information to survive Defendants' assertion that they are entitled to qualified and sovereign immunity. *See* ECF. No. 65. His Complaint consists merely of "threadbare recital[s] of the elements of a cause of action" and conclusory allegations. *Iqbal*, 556 U.S. at 678.

Because I find that Plaintiffs bring patently frivolous claims and McZeal has engaged in the unauthorized practice of law before this Court, I will dismiss Plaintiffs' Complaint with prejudice. Young's individual Complaint will also be dismissed with prejudice for continuing Plaintiffs' vexatious and frivolous litigation over the Property and failing to state a claim upon which relief can be granted. Declaratory and injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Robert Banocy and EastPlains Corporation's Motion to Dismiss [12] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Alabama Housing Finance Authority's Motion to Dismiss [23] is **GRANTED.**

**IT IS FURTHER ORDERED that** Defendant MIP Fund I Trust's Motion

[9] The Saint Louis County Police Department Investigative Report dated June 9, 2025 states that officers "informed Young that he was required to vacate the premises due to the absence of an occupancy permit." *Young*, ECF. No. 1-3, at 21. It further states that Young "acknowledged the home had been foreclosed on…He presented a deed [of trust] to Officer Braymiller, who noted it lacked a proper seal and appeared potentially invalid." *Id.* Young's vehicle "was in the driveway of the residence and was not properly registered." *Id.*

to Dismiss [28] is **GRANTED.**

**IT IS FURTHER ORDERED that** Defendant the United States Department of Housing and Urban Development's Motion to Dismiss [42] and Amended Motion to Dismiss [59] are **GRANTED.**

**IT IS FURTHER ORDERED that** Defendants Officer Arellanes, Officer Braymiller, Officer Jackson, Saint Louis County, Missouri, and Saint Louis County Police Department's Motion to Dismiss [64] is **GRANTED.**

**IT IS FURTHER ORDERED that** Plaintiffs Alfred McZeal and Terrez Young's Complaint [1] is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED that** Plaintiff Terrez Young's Complaint, 4:26-cv-00858-RWS, [ECF. No. 1], is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED that** Plaintiff Terrez Young's Motion for Preliminary Injunction [63] is **DENIED** as moot.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2026.